Filed 8/5/13 P. v Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G048042 |
|       v. | (Super. Ct. No. 98HF0132) |
| JAMES REYES LOPEZ, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge. Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

Defendant James Reyes Lopez pleaded guilty to four counts of second degree robbery, and was sentenced to 110 years to life in prison.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record.

On June 4, 2013, this court provided defendant with 30 days to file written argument on his own behalf. That period of time has passed, and we have received no communication from him.

We have examined the entire record and counsel's *Wende/Anders* brief, and find no arguable issue. (*Wende, supra,* 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

On four separate occasions in 1997 and 1998, defendant robbed four different banks. In February 1998, defendant pled guilty to four counts of second degree robbery, and admitted two prior convictions and two prior prison terms. The trial court sentenced defendant to a total term of 110 years to life, pursuant to Penal Code sections 667, subdivisions (d) and (e)(2), and 1170.12, subdivisions (b) and (c)(2).

In January 2013, defendant filed a petition for recall and resentencing, pursuant to Penal Code section 1170.126, subdivision (b). The trial court denied the petition, and defendant appealed.

ANALYSIS OF POTENTIAL ISSUES

Appointed counsel suggests we consider a single issue: whether defendant was entitled to a reduction in his sentence, pursuant to Penal Code section 1170.126. On November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012. "Under the three strikes law as it existed before the passage of the Reform Act, a

2

defendant with two or more strike priors who is convicted of any new felony would receive a sentence of 25 years to life. ([Pen. Code, f]ormer § 667[, subd. ](e)(2)(A).) As amended, [Penal Code] section 667 provides that a defendant who has two or more strike priors is to be sentenced pursuant to paragraph 1 of section 667[, subd. ](e)—i.e., as though the defendant had only one strike prior—if the current offense is not a serious or violent felony as defined in [Penal Code] sections 667.5, subdivision (c) or 1192.7, subdivision (c), unless certain disqualifying factors are pleaded and proven. ([Pen. Code,] § 667, subds. (d)(1), (e)(2)(C).) [¶] The Reform Act also provides a procedure which allows a person who is 'presently serving' an indeterminate life sentence imposed pursuant to the three strikes law to petition to have his or her sentence recalled and to be sentenced as a second strike offender, if the current offense is not a serious or violent felony and the person is not otherwise disqualified." (*People v. Lewis* (2013) 216 Cal.App.4th 468, 473-474, fn. omitted.)

When a trial court receives a petition to recall a sentence, the court must first "determine whether the petitioner satisfies the criteria in subdivision (e)." (Pen. Code, § 1170.126, subd. (f).) A petitioner is only "eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (*Id.*, § 1170.126, subd. (e)(1).)

Defendant pled guilty to four counts of second degree robbery, which is both a violent felony pursuant to Penal Code section 667.5, subdivision (c)(9), and a serious felony pursuant to Penal Code section 1192.7, subdivision (c)(19). Therefore, defendant was not eligible for resentencing. (See Pen. Code, § 1170.126, subd. (e)(1).)

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issue referred to by

3

appointed counsel, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.


4